*E-FILED - 6/4/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD P. FOSTER ) | No. C 08-4269 RMW (PR) |
| ) | |
| Petitioner, ) | ORDER GRANTING |
| vs. ) | RESPONDENT'S MOTION TO |
| ) | DISMISS |
| ) | |
| M.. EVANS, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | (Docket No. 10) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an administrative decision by the California Department of Corrections and Rehabilitation.  The court ordered respondent to show cause why the petition should not be granted.  Respondent filed a motion to dismiss the petition as procedurally defaulted.  Petitioner filed an opposition and a supplemental opposition. Respondent filed a reply brief.  Based upon the papers submitted, the court will DISMISS the instant petition.

## BACKGROUND[1]

In 1992, petitioner was convicted in state court of attempted murder, shooting at an

---

[1]This factual background is not disputed by the parties.

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Foster269mtdprocdef.wpd

1

1  inhabited dwelling and use of a firearm. (Resp. Mot., Ex. 2.) Petitioner was subsequently
2  sentenced to 29 years. (Id.)
3     On December 4, 2006, the Kern County Superior Court denied a petition for writ of
4  habeas corpus, in which petitioner alleged, inter alia, that prison officials revoked his "good
5  time" credits without a hearing and that prison officials arbitrarily concluded he was ineligible
6  from receiving restoration of his credits, in violation of his due process. (Id., Ex. 2.)
7     On April 16, 2008, the Kern County Superior Court denied another writ of habeas corpus
8  by petitioner. (Pet. Traverse, Ex. A.) The court determined that petitioner alleged "the
9  Department of Corrections and Rehabilitation is arbitrarily denying him a credit revocation
10 hearing, and that this denial of credit restoration is unconstitutional." (Resp. Mot., Ex. 1.) The
11 court denied the petition as successive, citing In re Clark, 5 Cal. 4th 750, 767 (1993), and
12 referencing the December 4, 2006 order denying the same claims. (Id.)
13    On August 19, 2008, the California Court of Appeal denied petitioner's writ of habeas
14 corpus as it was filed in the wrong district. (Resp. Mot., Ex. 3.) On September 24, 2008, the
15 California Supreme Court summarily denied petitioner's writ of habeas corpus. (Pet. Traverse,
16 Ex. D.) Petitioner filed the instant federal petition on September 10, 2008, alleging that prison
17 officials violated his right to due process by failing to provide him with a hearing prior to
18 revoking his eligibility to restore good time credits.

## DISCUSSION

20  Respondent argues that petitioner is precluded from obtaining federal habeas relief
21 because the state court denied petitioner relief based on a procedural bar against successive
22 habeas petitions. (Resp. Mot., p. 2.) In opposition, petitioner asserts that his federal petition is
23 not procedurally barred because the superior court did not rely on a procedural rule to deny his
24 petition, but rather, denied his petition on the merits. (Pet. Opp., p. 2-4.) In addition, petitioner
25 asserts that the superior court did not "clearly and expressly rely on a state procedural rule" and
26 that the bar should not be applied to his federal petition because the denial was too interwoven
27 with federal law to be an independent state bar. (Id., p. 4-5.)

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Foster269mtdprocdef.wpd

2

The procedural default doctrine forecloses federal review of a state prisoner's habeas claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (stating that federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."). Before following the procedural default doctrine, a federal court must determine that the state court explicitly invoked a state procedural bar as an independent basis for its decision. Id. at 729. To be adequate, the state procedural bar must be clear, consistently applied and well-established at the time of the petitioner's purported default. See id. Unless a prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice, federal habeas review of the procedurally defaulted claims is barred. Id. at 750.

When a state procedural bar is applied by a state trial court and relief is summarily denied by the state's higher courts, a federal court looks to the last reasoned state court decision as the basis for the state court judgment. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Here, the state superior court rejected petitioner's habeas petition in 2008 because it was successive. (Resp. Mot., Ex. 1.) Because the state appellate and supreme courts denied relief without a reasoned decision, this court looks to the state superior court's decision as a basis for the judgment. See Ylst, 501 U.S. at 803. The state superior court's rejection of the claims for a procedural reason requires the court to determine whether California's procedural bar against successive habeas petitions should be honored. To make that determination, the court considers whether the bar is independent and adequate, and if so, whether there is a reason not to honor the bar.

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Foster269mtdprocdef.wpd

**1.      Independence**

The California Supreme Court bars the repetitious presentation of claims already presented in an earlier adjudicated petition where there has been no change in the facts or law substantially affecting the rights of the petitioner. In re Clark, 5 Cal.4th 750, 767-770 (1993). "For a state procedural rule to be 'independent,' the state law basis for the decision must not be interwoven with federal law." La Crosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001). "A state law ground is so interwoven if 'the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed.' " Park v. California, 202 F.3d 1146, 1152 (9th Cir. 2000) (quoting Ake v. Oklahoma, 470 U.S. 68, 75 (1985) (brackets in original)).  To determine whether a state court decision is independent of federal law, a federal court must examine the decision itself in which the state court invoked the procedural bar, not other state court decisions issued at or prior to the time that the purported procedural defaults occurred. See, e.g., Park, 202 F.3d at 1151-52.

This court relies on the discussion in Dennis v. Brown, 361 F. Supp. 2d 1124, 1127-28 (N.D. Cal. 2005) in concluding that California's bar against successive petitions is independent of federal law in cases decided after In re Robbins, 18 Cal. 4th 770 (1998).  The court in Dennis applied the analysis in Bennett v. Mueller, 322 F.3d 573, 382-83 (9th Cir. 2003), and concluded that "the California Supreme Court's determination of whether claims are procedurally barred as successive or pretermitted, like its determination of whether claims are procedurally barred as untimely, became independent of federal law post-Robbins." Dennis, 361 F. Supp. 2d at 1128 (citing list of cases).

Here, the date for considering the independence of the procedural rule is April 16, 2008: the date the state superior court imposed the procedural bar against successive petitions by denying petitioner's habeas petition. This post-Robbins denial was not based on federal law; rather, it relied on a state procedural bar and was based solely on state law. (Resp. Mot., Ex. 1.) Thus, in the present case, the court concludes that the procedural bar against successive petitions was an independent state ground for the state court's denial of petitioner's petition. See

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Foster269mtdprocdef.wpd

Coleman, 501 U.S. at 732-35.

However, petitioner argues that because the superior court's order referenced and incorporated portions of its previous order, the superior court's denial was based on the merits rather than on a state procedural rule. In support, petitioner states that the court did not clearly and expressly state that its denial was based on a state procedural law. We disagree. The superior court's order clearly and expressly stated, "Petitioner filed a previous writ of habeas corpus . . denied on December 4, 2006 raising these same issues." (Resp. Mot., Ex. 1.) It went on to conclude, "Petitioner raises no new issues in this present petition. Where this court previously ruled on an issue, raising it again is a piecemeal petition, and is grounds to deny the petition for writ of habeas corpus." and cited In re Clark, 5 Cal. 4th 750, 767 (1993). (Id.) A plain reading of the superior court's order denying the petition demonstrates that the court's reliance on the state bar against successive petitions was unambiguous.

Further, even assuming that the court's order could be liberally construed as a denial on the merits, at most, the superior court's denial is on the basis of both a procedural rule and on the merits. As such, the court's application of the bar against successive petitions is still sufficient as a procedural bar to federal review. See Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where, as here, the state court simultaneously rejects the merits of the claim.").

Accordingly, the court concludes that the state procedural rule against successive petitions is independent from federal law.

**2.    Adequacy**

To determine whether a procedural bar was an adequate state ground for the state court's decision, the state procedural bar cited must be "clear, consistently applied, and well-established at the time of the petitioner's purported default." Calderon v. U.S. Dist. Ct. (Bean), 96 F.3d 1126, 1129 (9th Cir. 1996) (citation omitted). Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. Bennett, 322 F.3d at 586. The petitioner may

satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Id. Once having done so, however, the ultimate burden returns to the state. Id. at 586.

Here, respondent adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense and thus the burden shifted to petitioner "to place that defense in issue." Id. However, because petitioner has not asserted any specific factual allegations demonstrating the inadequacy of the bar on successive petitions, petitioner has failed to meet his burden of persuasion and failed to place the state's affirmative defense of adequacy at issue. See Carter v. Giurbino, 385 F.3d 1194, 1198 (9th Cir. 2004). Not only does petitioner make no mention of the adequacy of the procedural rule, but he fails to meet even the de minimis necessary to satisfy his burden and shift it back to respondent. Cf. King v. Lamarque, 464 F.3d 963, 966-68 (9th Cir. 2006) (recognizing that once the court has held that a particular state rule is inadequate, a petitioner need only challenge the adequacy of the procedure in order to satisfy his burden of proof).[2] Even construing petitioner's opposition liberally, petitioner fails to place the adequacy of California's procedural bar at issue.

Accordingly, because petitioner failed to shift the burden of proving adequacy of the procedural bar back to the state, the court concludes that petitioner's habeas petition is procedurally barred based upon an independent and adequate state ground.

**3.     Cause and Prejudice**

If, as here, the court finds an independent and adequate state procedural ground supporting the state court denial of a habeas petition, federal habeas review is barred unless the

---

[2] Although the Ninth Circuit has not explicitly discussed whether In re Clark's successive petition bar is inadequate, the court recognizes that several federal courts have differed in their resolution of this issue. In an abundance of caution, therefore, the court notes that even if the Ninth Circuit concludes California's bar against successive petitions is inadequate, petitioner fails to meet his burden as discussed in King by failing to even facially challenge the state rule's adequacy. See King, 464 F.3d at 967 ("[S]imply contesting the adequacy of a state rule [is] sufficient to meet the petitioner's burden under Bennett [when the Ninth Circuit has] previously found the rule to be too ambiguous to bar federal review during the applicable time period").

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Foster269mtdprocdef.wpd

1  prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate
2  that the failure to consider the claims will result in a fundamental miscarriage of justice. See
3  Coleman, 501 U.S. at 750.  Here, petitioner does not raise cause or prejudice, nor does he claim
4  the miscarriage of justice exception.  Therefore, review of petitioner's claims remain
5  procedurally barred.

## CONCLUSION

Respondent's motion to dismiss the petition (docket no. 10) is GRANTED.  The instant petition is DISMISSED.  The clerk shall terminate all pending motions and close the file.

IT IS SO ORDERED.

Dated:  6/4/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss
P:\PRO-SE\SJ.Rmw\HC.08\Foster269mtdprocdef.wpd