*E-FILED - 9/30/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD P. FOSTER, | ) | No. C 08-4269 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION TO |
| vs. | ) | RECONSIDER; DENYING |
| | ) | REQUEST FOR CERTIFICATE OF |
| | ) | APPEALABILITY AS |
| M.. EVANS, Warden, | ) | UNNECESSARY |
| | ) | |
| Respondent. | ) | (Docket No. 22) |
| | ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging an administrative decision by the California Department of Corrections and Rehabilitation. On June 4, 2009, following briefing by both parties, the court granted respondent's motion to dismiss based on procedural default. On June 5, 2009, petitioner filed a motion for leave to file a supplemental opposition, which this court construed as a motion to reconsider. On September 8, 2009, respondent filed an opposition. On September 21, 2009, petitioner filed a reply. For the reasons stated below, the court DENIES petitioner's motion to reconsider and DENIES petitioner's certificate of appealability as unnecessary.

**BACKGROUND**

On June 4, 2009, the court found that the claim raised in the underlying petition was

procedurally barred because the state superior court denied the claim as successive and cited a state procedural rule that was both independent and adequate. Further, the court concluded that petitioner failed to assert any cause for the procedural default or actual prejudice.

**ANALYSIS**

A.   <u>Motion to Reconsider -- Procedural Default</u>

This court initially dismissed petitioner's habeas petition because the superior court denied his claim on an independent and adequate state procedural rule. However, petitioner asserts for the first time that the superior court's opinion was not the last reasoned decision.

The procedural default doctrine forecloses federal review of a state prisoner's habeas claims if those claims were defaulted in state court pursuant to an independent and adequate state procedural rule. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30 (1991). When a state procedural bar is applied by a state trial court and relief is summarily denied by the state's higher courts, a federal court looks to the last reasoned state court decision as the basis for the state court judgment. <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991). A "last reasoned decision" is one in which the court finally resolves the substance of a petitioner's claim. <u>See</u> <u>Barker v. Fleming</u>, 423 F.3d 1085, 1092 (9th Cir. 2005). If a lower state court imposed a procedural bar and a higher state court then reached a decision on the merits, the state procedural bar may expire. <u>Ylst</u>, 501 U.S. at 801.

Here, the California Court of Appeal issued a short order denying the petition both for improper venue and on the merits.[1] (Pl. Second Supp. Opp. to MTD, Ex. A.) The question is whether this denial by the California Court of Appeal constitutes a "decision on the merits," thereby removing the procedural bar imposed by the superior court. <u>See</u> <u>Ylst</u>, 501 U.S. at 801.

---

[1] The order in its entirety states, "The 'petition for Writ of Habeas Corpus,' filed in this court on April 28, 2008, is denied without prejudice. Petitioner has failed to show why he should not be required to litigate these issues in the Sixth Appellate district where he is now confined. Petitioner has failed to show that he is not barred from restoration of credits pursuant to California Code of Regulations, Title 15, sections 3327(a)(1) and 3327(a)(2). If those subdivisions apply, petitioner has failed to show why any failure to provide him with a hearing is not harmless."

Order Denying Motion to Reconsider; Denying Request for Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.Rmw\HC.08\Foster269denrec.wpd

"The adequate and independent state grounds doctrine customarily distinguishes between adjudications on the merits and dismissals on procedural grounds, the latter of which are generally not subject to federal habeas review." Lambert v. Blodgett, 393 F.3d 943, 967 (9th Cir. 2004) (quoting Harris v. Reed, 489 U.S. 255, 260 (1989)). In Lambert, the court discussed the meaning of "adjudicated on the merits" and determined that any dismissal, unless otherwise stated by the court, operates as an adjudication on the merits except for a dismissal for lack of jurisdiction, for failure to join a party, *and for improper venue*. Id. (Emphasis added.)

The California Court of Appeal relied, at least in part, on improper venue in denying petitioner's habeas petition without prejudice. Because a federal court can only review a state court decision that was adjudicated on the merits, the California Court of Appeal cannot be the "last reasoned decision" that this court looks upon. Cf. Bargas v. Burns, 179 F.3d 1207, 1214 (9th Cir. 1999) (noting that where the state court decision rests on clearly alternate grounds, one invoking a state procedural rule and the other addressing the merits, the state procedural ground is still sufficiently independent to preclude habeas review). Further, the California Court of Appeal decision did not rely on a procedural bar, nor did it lift the procedural bar imposed by the superior court. Therefore, this court should "look through" it to the decision of the superior court. Cf. Ylst, 501 U.S. at 804 n.3 (explaining that when a higher state court denies a habeas petition "based upon ineligibility for further state review" without relying on a previously imposed procedural default nor upon the merits, a federal court should give it no weight and instead "look through" it to the last reasoned decision).

Because the California Court of Appeal ostensibly denied petitioner's petition for improper venue, its decision was not an adjudication under federal habeas standards. See Barker, 423 F.3d at 1091. Accordingly, the last reasoned decision to address petitioner's federal claim is the superior court's decision that clearly and expressly relied on an independent and adequate state ground.

Petitioner's motion to reconsider is DENIED.

Order Denying Motion to Reconsider; Denying Request for Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.Rmw\HC.08\Foster269denrec.wpd

B.  Certificate of Appealability

Petitioner's request for a certificate of appealability is DENIED as unnecessary. The Ninth Circuit has made clear that a certificate of appealability "is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence." White v. Lambert, 370 F.3d 1002, 1010 (9th Cir. 2004). Because petitioner challenges an administrative decision as it relates to his good time credits, petitioner is not required to obtain a certificate of appealability to proceed on appeal. Accordingly, the request for a certificate of appealability is DENIED as unnecessary.

**CONCLUSION**

Petitioner's motion to reconsider is DENIED. Petitioner's request for a certificate of appealability is DENIED as unnecessary. The Clerk shall terminate all pending motions.

IT IS SO ORDERED.

DATED:  9/30/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Motion to Reconsider; Denying Request for Certificate of Appealability as Unnecessary
P:\PRO-SE\SJ.Rmw\HC.08\Foster269denrec.wpd

4